IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONWIDE LIFE AND ANNUITY INSURANCE COMPANY, AN OHIO COMPANY, <br> One Nationwide Plaza <br> Columbus, OH 43125 <br><br> *Plaintiff,* <br><br> v. <br><br> ANALISA RENEE MENDEZ <br> 941 Canyon Ridge Drive <br> Desoto TX 75115 <br><br> CHARLES WALLACE <br> 1510 Autumn Street <br> Godfrey, IL 62035 <br><br> JEREMY DILL, in his capacity as individual representative of the Estate of VELMA CHRISTINA MENDEZ <br> 941 Canyon Ridge Drive <br> Desoto, TX 75115 <br><br> CALVIN T. MCKIBBIN, in his capacity as individual representative for the Estate of Joell S. Fleming, <br> 56917 Freestone Court <br> Rowlett, Texas 75089 <br><br> *Defendant.* | Civil Action No. 3:22-cv-02251-G <br> **JURY TRIAL DEMANDED** |

**DEFENDANT JEREMY DILL, IN HIS CAPACITY AS INDIVIDUAL REPRESENTATIVE FOR THE ESTATE OF VELMA KRISTINA MENDEZ' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER**

TO THE HONORABLE COURT:

COMES NOW Defendant, JEREMY DILL, and files his Original Answer to Plaintiff's Complaint for Interpleader, filed by Plaintiff, NATIONWIDE LIFE AND ANNUITY INSURANCE COMPANY, as follows:

## ANSWER

The unnumbered paragraphs of Plaintiff's Original Complaint state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, these paragraphs are denied.

1. Paragraph 1 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

2. Defendant admits to the allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Original Complaint and, therefore, denies the same.

4. Defendant admits to the allegations contained in Paragraph 4 of Plaintiff's Original Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of Plaintiff's Original Complaint.

7. Defendant admits the allegations set for in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Original Complaint and, therefore, denies the same.

9. Defendant admits the allegations set forth in Paragraph 9 of the Plaintiff's Original Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Original Complaint to the extent it names Calvin T. McKibben as the individual representative of the Estate of Joell Fleming. The Last Will and Testament of Joell Fleming designates Mr. McKibben to serve as executor. On March 24, 2022, Mr. McKibben filed an Application to Probate Will and for Issuance of Letters Testamentary in the Dallas County Probate Court, Cause No. PR-22-01076-2. Charles Wallace, a defendant in this action, has contested Mrs. Fleming's will. Accordingly, Mrs. Fleming's will has not been admitted to probate, and Mr. McKibben has not yet been sworn in as Executor of the Estate of Joell Fleming. Accordingly, Mr. McKibben lacks capacity to participate in these proceedings until such a time as he is either appointed as personal representative or the contest matter is resolved. Defendant admits all other allegations set forth in Paragraph 10.

11. Defendant admits the allegations set forth in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Original Complaint to the extent it classifies Jeremy Dill as individual representative of Velma Kristina Mendez. Ms. Mendez left a Last Will and Testament appointing Jeremy Dill as executor. Mr. Dill filed an Application to Probate Will and for Issuance of Letters Testamentary in the Dallas County Probate Court, Cause No. PR-22-02930-1. However, Mr. Dill has not yet been sworn in as executor, but is scheduled to appear before the probate court on December 12, 2022. Currently,

Mr. Dill lacks the requisite capacity to participate in these proceedings. Defendant admits all other allegations set forth in Paragraph 12.

13. Defendant admits the allegations set forth in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Original Complaint with regards to any calls made by Defendant Charles Wallace. Defendant admits all other allegations set forth in Paragraph 22.

23. Defendant admits an email sent by Mr. Wallace as described in Paragraph 23. Defendant denies the allegations set forth in the email provided by Mr. Wallace in Paragraph 23.

24. Defendant admits the allegations set forth in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendant admits the allegations set forth in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendant admits Mr. Wallace has challenged the validity of Ms. Fleming's Beneficiary Designations. Defendant denies all other allegations set forth in Paragraph 27.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Original Complaint.

30. Paragraph 30 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

31. Defendant admits that a death benefit is due under the Contract. Defendant denies all other allegations set forth in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Original Complaint.

34. Paragraph 34 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

35. Paragraph 35 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

36. Paragraph 36 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

37. Paragraph 37 of Plaintiff's complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

## REQUEST FOR RELIEF

38. Defendant, Jeremy Dill requests this court award the funds to the Estate of Velma Kristina Mendez and all general relief to which Defendant is justly entitled.

Dated: November 28, 2022

/s Melissa Burns

---

Melissa Burns
Texas Bar No. 24041549
mburns@mburnslawfirm.com
**M. BURNS LAW FIRM, PLLC**
6130 La Vista Dr., Suite 200
Dallas, Texas 75214
Telephone: (214) 974-0508
Facsimile: (214) 483-1865

*Counsel for Defendant Jeremy Dill as Representative of the Estate of Velma Kristina Mendez*